IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DENNIS VINCENT MCGUIRE,          No C-09-5918 VRW (PR)

        Plaintiff,

    v                        ORDER REMANDING ACTION TO SAN
                                 FRANCISCO SUPERIOR COURT
STATE OF CALIFORNIA, et al,

        Defendants.
                               /

        On December 17, 2009, defendants removed the above-captioned action from San Francisco superior court. Doc #1. The notice of removal stated that plaintiff filed an amended complaint alleging a federal question on July 10, 2009. Id at 3-4. Because the notice of removal on its face appeared to be untimely as it was not filed within thirty days from the date plaintiff filed his amended complaint, see 28 USC § 1446(b), the court ordered defendants to show cause why the action should not be remanded to San Francisco superior court. Doc #5.

        Untimeliness of removal is, of course, a waivable defect. But here, more importantly, it appears that plaintiff has not

alleged a federal claim upon which this court's jurisdiction could be predicated. Plaintiff opposes removal and requests that the action be remanded. See Doc #8.

On October 22, 2010, defendants filed their response to the order to show cause, arguing that the action was removed "at the first juncture in which Defendants knew a federal right was being asserted by" plaintiff. Doc #6 at 2. Plaintiff notes that defendants directly contradict this statement in both their notice of removal and response to the order to show cause, wherein they assert that plaintiff's amended complaint, filed on July 10, 2009, alleged a federal question. See Doc #1 at 3-4; Doc #6 at 2; Doc #8 at 2. Defendants attempt to circumvent the untimeliness of their removal by arguing that they "removed the case only when they were reasonably assured it was viable." Doc #6 at 3.

Whether or not an action is viable, of course, is not the standard for determining the timeliness of a notice of removal. Indeed, the plain language of 28 USC § 1446(b) is unambiguous and unyielding:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

In addition to acknowledging that plaintiff filed his amended complaint alleging a federal question on July 10, 2009, defendants state that the first defendant was served on July 18, 2009. But

2

1 defendants did not file their notice of removal until December 17,
2 2009.  The notice of removal is untimely.

I

Untimeliness of removal does not allow the court to sua sponte remand the action to superior court because an untimely removal notice is a non-jurisdictional procedural defect that may be waived by a party failing to raise it.  See <u>Kelton Arms Condominium Owners Ass'n, Inc v Homestead Ins Co</u>, 346 F3d 1190, 1192 (9th Cir 2003).  But whether the action should remain here depends on whether the court has subject matter jurisdiction.

A

This court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 USC § 1331.  Here, plaintiff's amended complaint originally filed in San Francisco superior court alleges that eleven defendants wrongly imprisoned him in the California Department of Corrections and Rehabilitation for eight months past his release date.  Plaintiff alleges two causes of action, namely "false imprisonment" and "conspiracy to commit false imprisonment," see Doc #1 at 16-21, both of which arise under state tort law.  In a single paragraph in his amended complaint, plaintiff summarily states – without explaining how – that defendants' actions violated "the United States and California Constitutions, including but not limited to the Eighth and Fourteenth Amendments of the United States Constitution."  Id at 21.

3

Nowhere in his amended complaint does plaintiff allege a cause of action under 42 USC § 1983, which "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." <u>Wilder v Virginia Hosp Ass'n</u>, 496 US 498, 508 (1990) (quoting 42 USC § 1983). Had plaintiff so alleged a claim under 42 USC § 1983, this court clearly would have original jurisdiction under 28 USC § 1331.

### B

Under 28 USC § 1441(b), an action may be removed to federal court if it alleges federal constitutional claims. "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." <u>California ex rel Lockyer v Dynegy, Inc</u>, 375 F3d 831, 838 (9th Cir 2004); see also <u>Harris v Bankers Life and Cas Co</u>, 425 F3d 689, 698 (9th Cir 2005) (citations omitted) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts").

For removal to be proper, a federal element in a claim must be "basic" as opposed to "collateral," and "necessary" as opposed to "merely possible." <u>Gully v First National Bank</u>, 299 US 109, 118 (1936). Here, defendants implicitly acknowledge that subject matter jurisdiction in this action is questionable; indeed they encourage the court to address the issue. See Doc #6 at 4 ("* * * this Court may and should raise lack of subject matter jurisdiction on its own motion[] * * *.) Defendants' entire argument for removal is as follows:

4

> Here, whether Plaintiff's Eighth and Fourteenth Amendment rights have been violated by State officials are basic elements of his claims, and these issues are direct and essential to the resolution of the claims. Furthermore, each of the remaining causes of action in the complaint filed in state court fall within federal supplemental jurisdiction under 28 U.S.C. § 1367. Thus, the case was removable to the district court on jurisdictional grounds.

Doc #6 at 2. Defendants do not even attempt to explain how the federal constitutional claims are "basic" elements of his state law claims of "false imprisonment" and "conspiracy to commit false imprisonment" – presumably because they cannot. Under California law, the tort of "false imprisonment" is defined as "nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." Fermino v Fedco, Inc, 7 Cal 4th 701, 715 (1994) (internal quotation and citation omitted). Moreover, neither party suggests that plaintiff would be precluded from litigating his federal constitutional claims in state court. Plaintiff's collateral references to the Eighth and Fourteenth Amendments do not suffice to lay jurisdiction in this court. Defendants' conclusory assertion to the contrary falls far short of meeting the burden of establishing federal jurisdiction based on proper removal.

II

In light of the facts that: (1) defendants failed to establish that the court has subject matter jurisdiction in this action; (2) in situations such as the one presented here the law generally favors remand; and (3) there appears to be no legal reason

5

why plaintiff may not litigate his federal constitutional claims in state court, the court hereby ORDERS the instant action REMANDED to San Francisco superior court. See 28 USC § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

The clerk is directed to process the remand and close the file.

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Judge

G:\PRO-SE\VRW\CR.09\McGuire-09-5918-osc-untimely removal-lack of jdxn.wpd